UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

MICHAEL WAYNE COUCH,

    Plaintiff,

V.

COMMONWEALTH OF KY DEPT. OF
PUBLIC ADVOCACY,

    Defendant.

Civil Action No. 6: 23-066-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Michael Wayne Couch is currently confined at the Clay County Detention Center located in Manchester, Kentucky. Proceeding without an attorney, Couch has filed a civil complaint against the Department of Public Advocacy for the Commonwealth of Kentucky pursuant to 42 U.S.C. § 1983 [R. 1] and has re-filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [R. 8] that is supported by a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). [R. 10][1]

The Court has reviewed Couch's fee motion [R. 8] and the financial information submitted in support [R. 10] and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Couch has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because the Court has granted Couch permission to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of his Complaint pursuant to 28 U.S.C.

---

[1] Couch also filed a copy of his inmate trust fund account statement that was not certified by prison staff. [R. 9] However, shortly thereafter, Couch filed a certified copy of his inmate account. [R. 10] Thus, the Court will disregarding the uncertified statement filed at R. 9 and instead consider the certified information filed at R. 10.

§ 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Couch's Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

> Couch's Complaint states as follows:
>
> Isaac Abner sent me for a mental exam without talking to me first. I am competent. He did this because I wanted to go to trial and subpoena the Governor. I wrote the Bar.
>
> I was then given Mrs. Greta Price-Atherton who failed to show up for court twice. I wrote the Bar.
>
> I was then given Mr. Dustin Nelson who had my case for 2 months but never requested Discovery or a copy of the video evidence that shows I did not assault 3 police officers and proves that they perjured themselves before the grand jury. I wrote the Bar. And I have been incarcerated for [illegible] months because of the incompetence of the very people who tried to claim me incompetent and I still don't have an attorney even though I have court May 1, 2023.
>
> [R. 1 at p. 2-3] [2]

---

[2] While Couch claims that he "still" does not have an attorney, the Court may take judicial notice of the online record in Couch's ongoing state criminal case. *See Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (a court "may take judicial notice of proceedings in other courts of record."). *See* Fed. R. Evid. 201(b)(2); Fed. R. Evid. 902(5) (records on government websites are self-authenticating). According to these records, although there was recently a hearing regarding Couch's legal representation, Couch has been represented by various Attorney-Public Advocates throughout the proceedings. *Commonwealth of Kentucky v. Michael Wayne Couch*, No. 21-CR-00115 (Clay Circuit Court 2023), available at https://kcoj.kycourts.net/kyecourts. While two of Couch's attorneys have been granted permission to withdraw, he continues to have counsel of record. *Id.*

2

Based upon these allegations, Couch claims that his rights under the Sixth, Eighth, and Fourteenth Amendments have been violated. [*Id*. at p. 4] As relief, he states that he wants "to see people's rights upheld and for attorneys to do the jobs they are paid for instead of selling people out for a quick plea or sending them for a mental exam because they want to fight injustice and oppression." [*Id*. at p. 8]

However, Couch's Complaint will be dismissed for failure to state a claim for which relief may be granted. While Couch seeks to sue the Kentucky Department of Public Advocacy under 42 U.S.C. § 1983 based upon his dissatisfaction with the performance of his assigned public defenders, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such a suit "is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (citation omitted). *See also Thiokol Corp. v. Dep't of Treasury, Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993) ("The Eleventh Amendment bars 'all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments by...its own citizens.'") (internal citations omitted).[3]

---

[3] While Couch's demand for relief could be broadly construed to request injunctive relief generically demanding future compliance with his constitutional rights, his allegations are based solely upon alleged past misconduct, and therefore fall outside the exception found in *Ex parte Young*, 209 U.S. 123 (1908). *See Morgan v. Board of Professional Responsibility of the Supreme Court of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023) (the *Ex parte Young* exception does not "exist for injunctive relief 'based entirely upon past acts and not continuing conduct that, if stopped would provide a remedy to' the plaintiff.") (quoting *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)). *See also Bailey v. Montgomery*, 433 F. Supp. 2d 806, 810-11 (E.D. Ky. 2006) (rejecting application of *Ex parte Young* where plaintiff "is only complaining of past actions of [state]

The Commonwealth of Kentucky itself is plainly entitled to immunity and the Kentucky Department of Public Advocacy is a state agency for Eleventh Amendment purposes. *See* Ky. Rev. Stat. 31.010; *Lowe v. Kentucky Court of Justice*, No. 2:14-cv-168-KKC, 2015 WL 1526106, at *3 (E.D. Ky. Apr. 2, 2015) (citing *Westermeyer v. Kentucky Dep't of Pub. Advocacy*, No. 2:10-cv-131-DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011)). *See also Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). While this immunity does not apply in two circumstances: "1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity," *Thiokol Corp.*, 987 F.2d at 381, the Commonwealth has not waived its immunity, nor has Congress abrogated the Commonwealth's immunity for the type of claim that Couch seeks to assert under § 1983. *See id*. at 383 ("Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing Section 1983.").

Indeed, to prevail on a claim brought pursuant to § 1983, a plaintiff "must establish that a person acting under the color of state law deprived them of a right secured by the Constitution or laws of the United States." *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008) (citation omitted. However, neither a state nor its agencies are suable "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). *See also Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019).[4]

---

officials and does not allege present, ongoing conduct that is violative of his federal rights.") (citing *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)).

[4] Even if Eleventh immunity did not apply, "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983. *Polk*

Even if the Court broadly construed Couch's claims to be plead against the individual public defenders assigned to represent him, his claims would fare no better, as the Supreme Court held long ago that, for purposes § 1983 liability, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*, 454 U.S. at 325.  *See also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding."); *Springfield v. Kentucky*, No. 4:12CV-P22-M, 2012 WL 2571162, at *3 (W.D. Ky. July 2, 2012) ("The Department of Public Advocacy is an independent agency of state government, *see* Ky.Rev.Stat. Ann. § 31.010, and it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983.").  As the conduct that Couch alleges here – trial strategy decisions and court attendance – all falls within a lawyer's traditional functions as counsel to a criminal defendant in a criminal proceeding, Couch fails to state a § 1983 claim against the individual public defenders assigned to represent him.

For all of these reasons, Couch's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

---

*County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  Thus, a plaintiff must specify the government policy or custom which he alleges caused his injury, which Couch's complaint fails to do.  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

1. Couch's motion to proceed *in forma pauperis*, [R. 8] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

    a. Within **thirty (30) days** from the date of this Order, Couch must pay **$57.03** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A);

    b. The Clerk of the Court shall open an account in Couch's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Couch's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Couch is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky; and

    c. Each month Couch's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

2. Couch's Complaint [R. 1] is **DISMISSED** for failure to state a claim for which relief may be granted;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 23rd day of June, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY